UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO N.G.,[1]<br><br>                            Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>                            Respondent. | Case No.: 23-CV-643 JLS (NLS)<br><br>**ORDER INFORMING PETITIONER OF OPTIONS CONCERNING RECHARACTERIZATION OF PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AS MOTION UNDER 28 U.S.C. § 2255**<br><br>(ECF No. 1) |

      Presently before the Court is Petitioner Bernardo N.G.'s Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1) and Respondent the United States of America's[2] Response in Opposition to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Resp.," ECF No. 4). Petitioner has not filed a Traverse, despite being afforded the opportunity to do so. *See* ECF No. 2 at 3. Having considered the Parties' arguments and the law, the

---

[1] In this action concerning a putative Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by a petitioner in immigration custody and removal proceedings, the Court, out of an abundance of caution and in the interests of protecting confidentiality in immigration matters, will refer to the petitioner by his first name and last initial in this publicly filed Order.

[2] The United States of America entered an appearance as Respondent on April 18, 2023. *See* ECF No. 3.

Court **NOTIFIES** Petitioner of his option to elect to either: (i) recharacterize his Petition as a motion under 28 U.S.C. § 2255, or (ii) withdraw his Petition.

## BACKGROUND

On November 15, 2021, in the criminal matter *United States v. Bernardo N.G.*, No. 21-CR-960-CAB (S.D. Cal. Nov. 15, 2021), Petitioner pled guilty pursuant to a written plea agreement to Count 1 of an Indictment charging him with Conspiracy to Distribute Methamphetamine. *See* Resp. Ex. 1 ("Plea Agreement," ECF No. 4-1) at Art. I. On February 18, 2022, he was sentenced to 18 months' imprisonment and three years of supervised release. *See* Judgment at 1, 3, *United States v. Bernardo N.G.*, No. 21-CR-960-CAB (S.D. Cal. Feb. 18, 2022), ECF No. 37.

The Plea Agreement provides that Petitioner "had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea." Plea Agreement at 5:19–21.[3] The Plea Agreement further provides sentencing recommendations, *see id.* at Art. X; the elements of the crime, *id.* at Art. II; and that the plea is knowing and voluntary, *see id.* at Art. VI. The Plea Agreement additionally includes a waiver of Petitioner's rights to appeal and collaterally attack his conviction and sentence, which reads as follows:

> Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

*Id.* at Art. XI.

Also on November 15, 2021, a plea colloquy was held before the Honorable Daniel E. Butcher, who explained to Petitioner the rights he was waiving by pleading guilty and

---

[3] Citations throughout this Order are to internal page numbers rather than the numbers provided by this District's Case Management/Electronic Case Filing system.

2

23-CV-643 JLS (NLS)

the potential consequences of his guilty plea. *See* Resp. Ex. 2 (ECF No. 4-2) at 8:25–28:2. Petitioner acknowledged his understanding as to each of Judge Butcher's statements. *See id.* Of particular relevance here, given that Petitioner is not a United States citizen, *see id.* at 14:11–13, Judge Butcher specifically called attention to the immigration consequences of Petitioner's guilty plea and explained, "[I]t is a virtual certainty that you're going to be deported or removed from the United States, denied admission to the United States in the future, and denied any application for citizenship," *id.* at 14:24–15:2. Judge Butcher specifically asked whether Petitioner had "discussed with [his] attorney and [whether he] underst[oo]d the immigration consequences of his guilty plea." *Id.* at 14:22–24. Petitioner replied, "Yes." *Id.* 15:3.

Petitioner was released from the custody of the Bureau of Prisons ("BOP") on or about September 16, 2022, and presently is serving a three-year term of supervised release. *See* Resp. at 8. Sometime after his release from BOP custody, Petitioner entered immigration custody at the Otay Mesa Detention Center, where he currently is undergoing removal proceedings. *See* Pet. at 1. He filed the instant Petition on April 7, 2023. *See generally id.*

On April 12, 2023, this Court ordered Respondent to show cause why the Petition should not be granted. *See generally* ECF No. 2. Respondents timely filed their Response on May 12, 2023. *See generally* Resp.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

///

///

Meanwhile, under subsection (e),

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Thus, "[a]s a general rule, '§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'" *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quoting *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). "'Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.'" *Id.* at 956 (quoting *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)).

Section 2255's exception based on "inadequate or ineffective" remedies is known "as the savings clause, or the escape hatch." *Id.* (citing *Hernandez*, 204 F.3d at 864 n.2; *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)) (internal quotation marks omitted); *see also Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). "If a prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality of a sentence through a § 2241 petition in the custodial court." *Harrison*, 519 F.3d at 956 (citing *Hernandez*, 204 F.3d at 865). "[A] motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Id.* at 959 (quoting *Stephens*, 464 F.3d at 898). "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003) (collecting cases). Where a habeas petition brought under another section of title 28—for example, § 2241—is essentially a "disguised" § 2255 motion, a court may provide notice to petitioner of his options to either

/ / /

recharacterize the § 2241 petition as a § 2255 motion or withdraw the petition. *See Harrison*, 518 F.3d at 958; *see also Castro*, 540 U.S. at 376.

### ANALYSIS

Respondent contends that "this petition is more properly categorized as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, because [Petitioner] is challenging the validity or constitutionality of his conviction or sentence and not the manner, location, or conditions of his sentence's execution." Resp. at 1. Accordingly, Respondent treats the Petition as a § 2255 motion, *see id.* at 1–2, and its Response addresses the reasons why the § 2255 motion fails on the merits, *see generally id*.

The Court agrees that the Petition's sole claim, premised on an alleged failure to advise him of the immigration consequences of his guilty plea, is a challenge to the legality of—rather than the manner, location, or conditions of—his confinement, *see, e.g.*, *United States v. Rodriguez-Vega*, 797 F.3d 781 (9th Cir. 2015) (granting § 2255 motion and vacating conviction where petitioner alleged ineffective assistance of counsel premised on failure to advise petitioner of immigration consequences of guilty plea); accordingly, unless the "escape hatch" applies, Petitioner's claim must be brought as a § 2255 motion, and not a § 2241 petition, *see Harrison*, 519 F.3d at 956. However, Petitioner has not alleged any facts to "establish[] that his petition is a legitimate § 2241 petition brought pursuant to the escape hatch of § 2255." *Id.* at 961. Petitioner neither asserts his actual innocence nor the unavailability of an unobstructed procedural shot at advancing that claim. *See generally* Pet. Accordingly, Petitioner may not bring the instant claim in a § 2241 petition.

Rather, Petitioner has two options:

**Option 1**: Consent in writing to this Court recharacterizing his Petition. Petitioner may inform the Court of his desire to have the Court construe his Petition as a motion under § 2255 and rule on the merits of said motion. To do so, Petitioner should file a pleading with this Court entitled: "*Consent to Recharacterization of Motion as a Motion Under § 2255.*" The Court will then proceed to rule on the merits of the § 2255 motion. Should

Petitioner elect to recharacterize the instant Petition as a § 2255 motion, he may also amend his Petition to include any other § 2255 claims he may think he has. *See Castro*, 540 U.S. at 383. The Court cautions Petitioner that, should he elect recharacterization, he should be prepared to address the timeliness of his Petition in light of the one-year limitations period governing § 2255 motions, including any bases for the tolling of the limitations period. *See* 28 U.S.C. § 2255(f). If Petitioner chooses to recharacterize the Petition as a § 2255 motion, it will qualify as his first § 2255 motion, and any subsequent § 2255 motions will be subject to the requirements set forth at 28 U.S.C. §§ 2244 and 2255(h). Successive § 2255 motions require a certificate of appealability from the court of appeal and either (a) newly discovered evidence or (b) a new rule of constitutional law. *See, e.g.*, *Moore*, 185 F.3d at 1055; *see also* 28 U.S.C. § 2255(h). Thus, in order to avoid the restrictions imposed by 28 U.S.C. §§ 2244 and 2255(h) in any future § 2255 motion, Petitioner must withdraw the instant Petition to preserve his ability to file an initial § 2255 motion.

**Option 2**: Withdraw the instant Petition and file a § 2255 motion. Alternatively, Defendant may withdraw the instant Petition in order to preserve his ability to file a future § 2255 motion. If Defendant chooses Option 2, he must file a pleading with this Court entitled: "*Notice of Withdrawal of Petition for Writ of Habeas Corpus*." As noted above, however, absent a basis for tolling, the Court cautions Petitioner that any future § 2255 motion premised on the instant claim is likely time-barred.

## CONCLUSION

In light of the foregoing, the Court **NOTIFIES** Petitioner of his right to either: (i) recharacterize the instant Petition as a § 2255 motion, or (ii) withdraw his Petition. Petitioner ***must*** select one of these options by filing an election with the Court as specified above ***no later than forty-five (45) days from the date of this Order***. Should Petitioner

/ / /
/ / /
/ / /
/ / /

fail to make an election in the allotted time, his Petition will be dismissed without prejudice and without further action from this Court.

**IT IS SO ORDERED.**

Dated: June 8, 2023

Hon. Janis L. Sammartino
United States District Judge